**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                          **Case No. 10-CR-142**

**OSIEL JAIMES**
        **Defendant.**

# ORDER

Defendant Osiel Jaimes pleaded guilty to conspiracy to distribute 5 kilograms of more of cocaine. At his March 29, 2012, sentencing hearing, I adopted the guideline calculations in the pre-sentence report ("PSR"): base offense level 36 based on a drug weight of 50-150 kilograms of cocaine, U.S.S.G. § 2D1.1(c)(2) (2011); plus 4 levels for role in the offense under U.S.S.G. § 3B1.1; and minus 2 levels for acceptance of responsibility under U.S.S.G. § 3E1.1, for a final offense level of 38. Coupled with defendant's criminal history category of II, level 38 produced an imprisonment range of 262-327 months.[1] On consideration of the 18 U.S.C. § 3553(a) factors, I imposed a sentence of 120 months, the minimum term required by statute.

On January 12, 2015, defendant filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) permits the district court, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, to reduce the term of

---

[1] In his motion, defendant incorrectly states that his original offense level was 32 and the criminal history category I. Defendant also argues that Amendment 782 requires the offense level be based solely on the offense of conviction rather than relevant conduct. The Amendment contains no such requirement.

imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Defendant relies on Amendment 782, which generally reduces offense levels in drug trafficking cases by 2, and which the Commission has designated for retroactive application. See U.S.S.G. § 1B1.10(d) (policy statement). Under that Amendment, defendant's base offense level drops to 34, U.S.S.G. § 2D1.1(c)(3) (2014), and his imprisonment range to 210-262 months.

However, the court may not reduce a defendant's term of imprisonment to less than the minimum of the amended guideline range, U.S.S.G. § 1B1.10(b)(2)(A), and defendant's current sentence is already below the minimum of the amended range. He therefore cannot receive a reduction. Any further reduction in this case would also be blocked by the statutory mandatory minimum. See United States v. Poole, 550 F.3d 676 (7th Cir. 2008); U.S.S.G. § 1B1.10 cmt. n.1(A).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 252) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge